Filed 12/15/20  P. v. Thurman CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMAURI THURMAN,<br><br>    Defendant and Appellant. | C090905<br><br>(Super. Ct. No. 17FE016541) |

A jury found defendant Timauri Thurman guilty of assault with a firearm, personal use of a firearm, and discharge of a firearm at an occupied motor vehicle.  The trial court sentenced defendant to a prison term of eight years and eight months.  Defendant filed a timely notice of appeal.

On appeal, defendant contends the trial court abused its discretion by denying his motion for mistrial after a witness briefly testified regarding her experience investigating gangs in violation of the parties' pretrial motions to exclude evidence or testimony regarding gang affiliation, including evidence and testimony the crime was gang related.  Defendant asserts the trial court's admonition and curative instructions to the jury to disregard the testimony were ineffective, as evidenced by a note from the jury to the trial

1

court during deliberations expressing concern about retaliation if the jury found defendant guilty. We conclude the trial court did not abuse its discretion and thus affirm.

FACTUAL AND PROCEDURAL BACKGROUND

I

*The Crime And The Victims' Testimony*

On June 24, 2017, defendant shot at a moving vehicle, injuring A. V., one of the passengers in a car driven by L. V., when a bullet grazed her thigh. L. V. and A. V. (collectively the victims) had a tumultuous relationship with defendant; the victims and defendant had previously engaged in several arguments and defendant had taken retaliatory actions against the victims on multiple occasions. In one instance, defendant threatened the victims' lives.

L. V. testified that, on the day of the shooting, she saw defendant staring at her in a check cashing store. When defendant left, L. V. decided to leave as well because she was concerned about the safety of A. V., who was waiting in the car outside. L. V. got in the car with A. V. and drove away, fearing they might get shot. Another vehicle, with defendant seated in the front passenger seat, followed them. A chase ensued. L. V.'s car unexpectedly malfunctioned and began to slow to a stop. A. V. saw defendant pull out a gun; multiple gunshots were fired. When L. V. realized A. V. had been injured, she called 911.

L. V. originally told the 911 operator she knew exactly who the assailants were and identified defendant as one of them, but L. V. later retracted this statement during the call and told the operator "[s]ome car just shot at us." L. V. subsequently spoke with a police officer on the scene and again said she did not know who shot at the car. However, while still on the scene, L. V. eventually conceded she knew who shot at them and identified defendant as the perpetrator. Approximately two weeks later, L. V. spoke with Sacramento Police Department Detective Krista Koppinger, and told Detective Koppinger she was afraid of retaliation, but it was more important someone be punished

2

for A. V.'s injuries. At trial, L. V. testified she changed her statement during the 911 call and initially declined to identify defendant to the police because she had an ongoing fear of retaliation.

A. V. also testified she initially lied to the police when she claimed not to know the assailants because she feared defendant would retaliate. A. V. further testified that, when she spoke to Detective Koppinger a few weeks after the shooting, she identified defendant as the perpetrator because her parents told her to be honest about the events surrounding the incident.

II

*The Motions In Limine, Motion For Mistrial, And Related Background*

The prosecution and defense counsel both filed in limine motions prior to trial requesting exclusion of gang affiliation evidence and testimony as well as evidence or testimony that would suggest the shooting was gang related. These motions were discussed at the pretrial hearing. During that discussion, the prosecutor explained that, to provide necessary context to the events surrounding the shooting, she needed the witnesses to testify about the contentious relationship between two groups -- the first group being associated with defendant and the second group being associated with the victims. The trial court granted the in limine motions but allowed the parties to present testimony about the ongoing contentious relationship between the two groups, provided it could be accomplished without reference to gangs or gang affiliation.

At trial, Detective Koppinger was called to testify about her investigation of the case. The prosecution showed Detective Koppinger a rap music video featuring defendant, among others, and asked her what she observed in the video significant to the investigation. Detective Koppinger replied: "Individuals from that neighborhood -- I was on the gang team prior to being a detective." Defense counsel immediately asked the court to strike the answer. After a short bench conference, the trial court struck the testimony from the record and admonished and instructed the jury: "Ladies and

3

gentlemen, the witness just referenced the point that she used to be a gang detective. I struck that from the record. It's not part of this case. This is not a gang case. No gang allegations are made in this case and [this case] has nothing to do with gangs. So please disregard that completely."

Defense counsel later requested a mistrial outside of the jury's presence, arguing defendant was prejudiced by Detective Koppinger's violation of the in limine order. The prosecution argued Detective Koppinger's statement was a mistake and that she was simply laying the foundation for her experience as a law enforcement officer. The judge determined the reference was a mistake and denied the mistrial motion, stating the comment was not made directly in reference to defendant and found the admonition and instruction to the jury immediately following the testimony were sufficient to dispel any potential prejudice to defendant.

After close of evidence, the trial court again instructed the jury to disregard any testimony stricken from the record, admonishing the jury not to consider such testimony for any purpose. During deliberations, the jury submitted the following note to the court: "Discuss with judge, juror's concern of retribution if jury finds defendant guilty. (If possible without defendant in room)." The court responded the jury had to decide the case based on the facts and evidence presented and that concern regarding retribution could not factor into the jury's deliberation or verdict.

## DISCUSSION

"A trial court should grant a motion for mistrial 'only when " 'a party's chances of receiving a fair trial have been irreparably damaged' " ' [citation], that is, if it is 'apprised of prejudice that it judges incurable by admonition or instruction' [citation]. 'Whether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions.' [Citation.] Accordingly, we review a trial court's ruling on a motion for mistrial for abuse of discretion." (*People v. Avila* (2006) 38 Cal.4th 491, 573.) A trial court abuses

its discretion when it exercises its " ' "discretion in an arbitrary, capricious, or patently absurd manner that result[s] in a manifest miscarriage of justice," ' " (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 390) or when its ruling " 'falls[s] "outside the bounds of reason" ' " (*People v. Waidla* (2000) 22 Cal.4th 690, 714).

Defendant contends the trial court abused its discretion in denying his motion for mistrial such that his right to a fair trial was violated "because of the overwhelming prejudicial nature of [Detective Koppinger's] disclosure, as evidenced by the juror's fear of [defendant]." Defendant cites numerous cases discussing the prejudicial nature of gang-related evidence. While it is true, as defendant asserts, that evidence of gang membership poses a substantial risk of prejudice (*People v. Hernandez* (2004) 33 Cal.4th 1040, 1049) and such evidence may be "highly inflammatory" (*People v. Cox* (1991) 53 Cal.3d 618, 660), we agree with the trial court that the particular incident at issue in this case was not incurably prejudicial.

Here, no evidence was admitted linking defendant to a gang. The prosecutor asked a single question of Detective Koppinger during her testimony about the significance of the rap music video, in response to which Detective Koppinger fleetingly noted her experience working in a gang unit *prior to being a detective* with reference to "[i]ndividuals from that neighborhood" -- not the specific individuals in the music video. The comment was inadvertent, brief, and without context to link defendant to gang activity. It did not indicate that Detective Koppinger was investigating gangs as part of her investigation of this case, or that this case related to the gang unit. The trial court's ruling that the admonition and predeliberation instruction to disregard the testimony cured any potential prejudice under these facts was not arbitrary, capricious, or patently absurd, and it did not fall outside the bounds of reason. (*People v. Waidla*, *supra*, 22 Cal.4th at p. 714.) Absent evidence to the contrary, we presume jurors will follow a court's admonitions and instructions. (*People v. Houston* (2005) 130 Cal.App.4th 279, 312.) As one court observed: "Juries often hear unsolicited and inadmissible comments

5

and in order for trials to proceed without constant mistrial, it is axiomatic the prejudicial effect of these comments may be corrected by judicial admonishment; absent evidence to the contrary the error is deemed cured." (*People v. Martin* (1983) 150 Cal.App.3d 148, 163.)

The jury's note indicating a juror's fear of retaliation does not evidence that the jury failed to follow the trial court's admonition and instructions, as defendant asserts. Defendant's argument that the note shows it is highly probable the jury considered Detective Koppinger's stricken testimony during deliberations is pure speculation. The jury's note could just as logically be interpreted to express concern about retaliation given the victims' testimony regarding defendant's prior acts of retaliation and their fear of defendant. The jury was unaware of penalty or punishment at the time of deliberation and had no way of knowing how long defendant's prison term would be in the event of a guilty verdict.

We conclude the trial court did not abuse its discretion in denying defendant's mistrial motion.

DISPOSITION

The judgment is affirmed.


/s/_____
Robie, Acting P. J.

We concur:



/s/_____
Duarte, J.



/s/_____
Hoch, J.

6